PETER G. BERTRAND (SBN: 87883)
VALERIE BANTNER PEO (SBN: 260430)
BUCHALTER
425 Market Street, Suite 2900
San Francisco, CA 94105
Telephone: 415.227.0900
Email: vbantnerpeo@buchalter.com

REBECCA WICKS (SBN: 313608)
BUCHALTER
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Email: rwicks@buchalter.com

Attorneys for Kiso Capital Management I,
LLC, Kiso Capital LP, Kiso Capital
Advisors, Damon Doe, and Alfonzo
Bojorquez

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| In re | Case No. 24-50897 |
| Tony Huang, | Chapter 13 |
| Debtor. | **NOTICE OF APPEAL AND STATEMENT OF ELECTION** |

Judgment creditors Kiso Capital Management I, LLC ("Kiso Management"), Kiso Capital, L.P. ("Kiso Capital" or the "Fund"), Kiso Capital Advisors LLC ("Kiso Advisors"), Damon Doe ("Doe"), Alfonzo Bojorquez ("Bojorquez", and collectively with Kiso Management, Kiso Capital, Kiso Advisors, Doe, and Bojorquez, the "Kiso Creditors") hereby file this Notice of Appeal of the *Order Denying Motion to Dismiss for Exceeding Section 109(e) Debt Limit* [Docket No. 95] (the "Order") entered on April 1, 2025, a copy of which is attached hereto as Exhibit A. The parties to the Order appealed from are the following:

Case: 24-50897    Doc# 97    Filed: 04/15/25    Entered: 04/15/25 16:40:20    Page 1 of 7

Case: 24-50897    Doc# 92-1    Filed: 04/14/25    Entered: 04/14/25 10:06:59    Page 2 of 8
of 8

| Attorneys for the Kiso Creditors | Attorney for Debtor Tony Huang |
|---|---|
| Peter G. Bertrand (SBN: 87883) Valerie Bantner Peo (SBN: 260430) BUCHALTER 425 Market Street, Suite 2900 San Francisco, CA 94105 Telephone 415.227.0900 Email: vbantnerpeo@buchalter.com  REBECCA WICKS (SBN: 313608) BUCHALTER 18400 Von Karman Avenue, Suite 800 Irvine, CA 92612-0514 Telephone: 949.760.1121 Email: rwicks@buchalter.com | Brent D. Meyer (SBN: 266152) MEYER GROUP LLP 268 Bush Street #3639 San Francisco, CA 94104 Telephone: 415.765.1588 Email: brent@meyerllp.com |
| Attorney for Chapter 13 Trustee  Nanette Dumas Devin Derham-Burk P.O. Box 50013 San Jose, CA 95150-0013 Telephone: (408) 354-4413 ctdocs@ch13sj.com | |

The Kiso Creditors, pursuant to the provisions of 28 U.S.C. §158(c)(1), hereby provide notice of their election to have the appeal heard and decided by the United States District Court for the Northern District of California, rather than the Bankruptcy Appellate Panel.

DATED:  April 15, 2025                    BUCHALTER


By:   /s/ Valerie Bantner Peo
          VALERIE BANTNER PEO

Attorneys for Kiso Capital Management I, LLC,
Kiso Capital LP, Kiso Capital Advisors, Damon
Doe, and Alfonzo Bojorquez

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO

BN 88471632v2

2

## CERTIFICATE OF SERVICE

I am employed in the County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER, A Professional Corporation, 425 Market Street, Suite 2900, San Francisco, CA 94105.

On the date set forth below, I served the foregoing document described as:

- **NOTICE OF APPEAL AND STATEMENT OF ELECTION**

on all other parties and/or their attorney(s) of record to this action by as follows:

- Devin Derham-Burk-Trustee    ctdocs@ch13sj.com
- Brent D. Meyer-Debtor's Counsel    brent@meyerllp.com
- Office of the U.S. Trustee / SJ    USTPRegion17.SJ.ECF@usdoj.gov

**TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING:**  The aforementioned documents will be served by the court via email and hyperlink to the document.

☒    On **April 15, 2025**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the persons listed above are on the Electronic Mail Notice List to receive email notice/service for this case at the email addresses stated above.

☑    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.  Executed on **April 15, 2025**, at San Francisco, California.

☑    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.  Executed on **April 15, 2025**, at San Francisco, California.

Hallina Pohyar        /s/ Hallina Pohyar
                                                    (Signature)

BUCHALTER
A PROFESSIONAL CORPORATION
SAN FRANCISCO
BN 88471632v2

3

# EXHIBIT A

Entered on Docket
April 1, 2025
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



**The following constitutes the order of the Court.
Signed: April 1, 2025**

*M. Elaine Hammond*
_____
**M. Elaine Hammond
U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT

# NORTHERN DISTRICT OF CALIFORNIA

In re

TONY HUANG,

               Debtor.

) Case No. 24-50897 MEH
)
) Chapter 13
)
)
)
)
)
)
)
)
)

**ORDER DENYING MOTION TO DISMISS FOR EXCEEDING SECTION 109(e) DEBT LIMIT**

On March 13, 2025, the KISO Creditors filed a Motion to Dismiss for Exceeding Section 109(e) Debt Limit (Dkt. # 78).

Previously, the Court found in the Order Denying Motion to Dismiss (Dkt. # 75) ("Order") that when Debtor filed his Chapter 13 case, he was under the 11 U.S.C. § 109(e)[1] debt limit for Chapter 13 cases. This is set forth in the "Chapter 13 Eligibility and the Statutory Debt Limit" section of the Order and based on filed proofs of claims totaling:

Claim 1-1 with an amount of $1,293.47;

Claim 2-1 with an amount of $88,379.25; and

Claim 3-1 with an amount of $2,603,986.09 (the "KISO Creditors claim").

These claims totaled less than the $2,750,00.00 debt limit under § 109(e) as of the petition date.

---

[1] Unless specified otherwise, all chapter references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

1

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

As stated in the Order, "[o]n August 3, 2024, the KISO Creditors filed a Proof of Claim in the amount of $2,603,986.09 (Claim No. 3-1), which brought the total amount of filed claims to $2,699,658.81.  Thus, at the time the petition was filed, Debtor was under the §109(e) debt limit."  *See* Dkt. #75, p. 9, lines 1-4.

The KISO Creditors did not timely appeal or seek reconsideration of this finding. Instead, two weeks later, the KISO Creditors filed a new motion titled "Motion to Dismiss for Exceeding Section 109(e) Debt Limit."  The motion sought to have the court determine whether Debtor is eligible for Chapter 13 based on the § 109(e) debt limit.

This contradicts the "law of the case" doctrine, which precludes a court from reconsidering an issue that has already been decided by the same court, or a higher court in the identical case.  *Thomas v. Bible*, 983 F.2d 152, 154 (9th Cir. 1993).

In order for this doctrine to apply, the issue in question must have been decided either expressly or by necessary implication in the previous disposition.  *Id.*  To revisit a previously resolved question, at least one of five exceptions must apply.  None of the exceptions apply here as the first decision was not clearly erroneous, no intervening change in the law occurred, the evidence is not substantially different, there are no other changed circumstances, and manifest injustice would not otherwise result.  *See In re RS Air, LLC*, 638 B.R. 403, 415 (9th Cir. BAP 2022) (citing *Thomas*, 983 F.2d at 155).

My findings on Dkt. # 75, p. 9, expressly verify that the filed claims were less than the $2,750,000 limit for a Chapter 13 filing pursuant to § 109(e) at the time of filing the petition. As such, Debtor is eligible for Chapter 13, and I need not address the eligibility issue a second time.

For the reasons stated herein, the Motion to Dismiss for Exceeding Section 109(e) Debt Limit (Dkt. # 78) is hereby DENIED.

The April 11, 2025 hearing at 1:30 p.m. will remain on calendar and will be treated as a scheduling conference regarding the outstanding Chapter 13 issues in dispute.

IT IS SO ORDERED.

**END OF ORDER**

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

<u>**COURT SERVICE LIST**</u>

<u>**Via ECF:**</u>

All ECF Recipients

3